AARON D. FORD
  Attorney General
NATHAN M. CLAUS (Bar No. 15889)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way
Suite 100
Las Vegas, Nevada 89119
(702) 486-7629 (phone)
(702) 486-3768 (fax)
Email: nclaus@ag.nv.gov

*Attorneys for Defendants*
*Robert Hartman, Joseph Benson, Martin Naughton,*
*Lorenzo Villegas, John Keast, Megan Sullivan,*
*Justin Voss, Melissa Mitchel, Martha Simas,*
*Perry Russell, Nethanjah Breitenbach,*
*and James Dzurenda*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD JOHNSTON,<br><br>Plaintiff,<br><br>v.<br><br>MARTHA SIMAS; et al.,<br><br>Defendants. | Case No. 3:23-cv-00521-MMD-CLB<br><br>**ORDER GRANTING MOTION FOR EXTENSION FOR DEFENDANTS TO FILE THEIR RESPONSE TO PLAINTIFF'S MOTION FOR PRESERVATION OF VIDEO & MOTION FOR SANCTIONS**<br><br>**ECF NOS. 69 & 70**<br><br>**[FIRST REQUEST]** |

Defendants, Robert Hartman, Joseph Benson, Martin Naughton, Lorenzo Villegas, John Keast, Megan Sullivan, Justin Voss, Melissa Mitchel, Martha Simas, Perry Russell, Nethanjah Breitenbach, and James Dzurenda, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Nathan M. Claus, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby submit this motion for extension of time to file a response to Plaintiff's Motion For Preservation Of Video & Motion For Sanctions. ECF Nos. 69 & 70. This is the first request and is only for seven days, making the proposed reply date January 6, 2026.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL HISTORY

Plaintiff Richard Johnston sues Defendants for alleged events that took place while he was incarcerated at Northern Nevada Correctional Center. ECF No. 22.

Plaintiff filed a Motion for Preservation of Video and a Motion for Sanctions. ECF Nos. 69 & 70. Responses to this motion are due on December 30, 2026. *Id.*

Defendants are requesting a 7-day extension of this deadline due to preplanned family trips by counsel during December 22, 2025, through January 3, 2026, which will cause him to have limited access to his documents needed to respond to this motion. Further, counsel's mother had an accident on December 23, 2025, that may require surgery for the week of December 29 through January 2, 2026.

## II. ARGUMENT

Motions to extend deadlines set out in a discovery plan or scheduling order are governed by Fed. R. Civ. P. 16(b)(4) and LR 26-3. To prevail on a motion to extend a scheduling order deadline, the moving party must show "good cause." *Id.*

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

Counsel for Defendants has two preplanned trips to see family over the Christmas and New Years holidays.[1] During this time, counsel will be responding to emails sporadically but will have difficulty responding to this motion because he will have limited access to his documents needed to respond to this motion.

---

[1] The specifics on the details of these trips can be provided to the court upon request.

In addition, counsel's mother had an accident on Christmas Eve where she slipped and broke her arm in three places. She is currently under medical observation to determine next steps for her care, but she may require surgery during the week of December 29 through January 2, 2026, and counsel will need to assist her with the recovery.

Good cause is present to extend the response deadline until January 6, 2026, because of these preexisting trips and counsel's mother's condition. In addition, it would be burdensome for Defendants to have another counsel from the Office of the Attorney General respond to this motion because undersigned counsel is well aware of these facts and can fully respond to the opposition, while it would take new counsel longer to learn the facts than for current counsel to respond. The seven-day extension will not prejudice plaintiff since this extension is minor and will not delay this case too much.

Accordingly, Defendants respectfully request that the extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260, (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

### III. CONCLUSION

Based on the foregoing, and for good cause, Defendants request an extension of time until January 6, 2026, for them to file their response Plaintiff's Motion for Preservation of Video & Motion For Sanctions. ECF Nos. 69 & 70.

DATED this 26th day of December, 2025.

AARON D. FORD
Attorney General

By: /s/ Nathan M. Claus
    NATHAN M. CLAUS (Bar No. 15889)
    Deputy Attorney General

*Attorneys for Defendants*

**ECF Nos. 75 and 76 are granted.
IT IS SO ORDERED. Dated:
December 29, 2025.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Page 3 of 4